IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON VERAN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-777-C |
| | ) |
| STATE OF OKLAHOMA DISTRICT | ) |
| NINE DRUG TASK FORCE, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

On July 7, 2005, Plaintiff, a prisoner appearing *pro se,* filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights during his arrest on January 12, 2001. On September 2, 2005, Plaintiff filed a pleading which includes *inter alia* a request for a temporary restraining order. [Doc. No. 14]. This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that Plaintiff's request for a temporary injunctive relief be denied.

Plaintiff requests that this Court order the officials at R. B. "Dick" Conner Correctional Center, where Plaintiff is currently housed, to "release" Plaintiff's legal documents and to transfer Plaintiff to another facility. In support Plaintiff alleges that on August 12, 2005, prison officials charged him with a misconduct relating to his use of the law library and that such action was a retaliatory response to Plaintiff's pursuit of grievances and other legal actions in the courts. Plaintiff alleges that as a result of the misconduct action his legal documents in several pending cases were confiscated, hindering his access to the courts.

To obtain a preliminary injunction under Fed. R. Civ. P. 65, the movant must show (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened harm to the movant outweighs the injury that the proposed injunction may inflict upon the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001); *Chemical Weapons Working Group, Inc. v. United States Dep't of the Army*, 111 F.3d 1485, 1489 (10th Cir. 1997); *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Any motion for injunctive relief that seeks to alter the status quo, such as Plaintiff's motion in this case, "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (*en banc*), *cert. granted sub nom Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal*, 125 S.Ct. 1846 (2005).

Plaintiff has not satisfied all of the required elements for a preliminary injunction. First, although Plaintiff alleges that prison officials have impeded his access to the courts by confiscating certain unidentified legal documents, he has not established irreparable injury. It is well-settled that the Due Process Clause of the Fourteenth Amendment guarantees state prisoners the right to "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *see also Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993). However, to establish a claim of denial of access to the courts, Plaintiff must show that the prison officials' conduct caused actual injury by frustrating or hindering pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 352-

53 (1996). The legal claim affected must arise from a case in which the plaintiff seeks to directly or collaterally attack his conviction or sentence, or from a case that challenges the conditions of his confinement. *Id.* at 354-55. Impairment of any other litigation is "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 356.

In this case Plaintiff neither challenges a state court conviction nor the conditions of his confinement. Rather, Plaintiff has filed a § 1983 complaint alleging a violation of his constitutional rights in connection with an allegedly illegal arrest on January 12, 2001. By order dated August 23, 2005, Plaintiff was ordered to provide the Clerk of this Court with seven copies of the complaint for purposes of serving the seven Defendants. In response he filed a document titled: "Motion to Show Cause for Failure to Comply with Magistrate Judge's Order due to Interference by Plaintiff's Custodial with Request for a Motion for Temporary Restraining Order against RB-DCCC." In this document Plaintiff asserts that he cannot comply with the Court's order because his legal documents (apparently including his copy of the complaint) have been confiscated by officials of RB-DCCC. Plaintiff requests in addition to the temporary restraining order that the Court order the Court Clerk to provide him with one copy of his complaint or order the prison to release his legal documents so he can accomplish service on the Defendants. The undersigned has ordered the Clerk to provide Plaintiff with one copy of the complaint and has *sua sponte* extended his time for providing the seven copies

needed for service. Plaintiff identifies no other particular legal document that he needs.[1] Thus, Plaintiff cannot establish that he has been prevented access to the courts because of the lack of legal materials with respect to the instant case. *See Longstreth v. Ward*, No. 04-6160, 113 Fed. Appx. 882, 883 (10th Cir. Nov. 3, 2004)[2] (upholding the denial of a preliminary injunction involving law library access because the prisoner had not demonstrated an impediment to assertion of an action legal claim); *Davis v. Hill*, No. 97-1229, 1998 WL 208864, at *2 (10th Cir. April 29, 1998) (finding plaintiff's complaint regarding access for "civil matters" including litigation relating to his divorce lacked an arguable basis in fact or law); *Oliver v. Deland*, No. 94-4168, 1995 WL 93381, at *2 (10th Cir. Feb. 28, 1995) (upholding the denial of a preliminary injunction for access to a prisoner's own legal materials when the plaintiff did not establish denial of reasonable access and did not identify any documents that were inaccessible). The undersigned finds that Plaintiff has failed to show his entitlement to injunctive relief with respect to access to legal documents.

To the extent Plaintiff is requesting that prison officials be enjoined from taking retaliatory actions against him, his allegations about retaliation as speculative and conclusory. The fact that Plaintiff has been issued a misconduct for misuse of his time in the law library does not establish that prison officials have acted in retaliation. Additionally, Plaintiff's belief that he may be subjected to unspecified actions in the

---

[1] Plaintiff's only particularized allegation of a missed deadline relates to the filing of a motion to alter or amend the judgment in a different habeas case, *Williams v. Sirman*, Case No. CIV-04-706-C (August 2, 2005). Plaintiff's Motion for Temporary Restraining Order at 3. [Doc. No. 14].

[2] Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

future is not sufficient to establish that he is in danger of irreparable harm. *See Johnson v. Saffle*, No. 99-6148, 2000 WL 130726, at*2 (10th Cir. Feb. 4, 2000) (affirming the denial of a temporary restraining order "because plaintiff had failed to establish a threat of irreparable harm"). Plaintiff's requests to order prison officials to transfer him to another facility would interfere with prison management which would be contrary to the public interest. *Turner v. Safley*, 482 U.S. 78 (1987).[3] Moreover, prisoners enjoy no constitutional right to placement in any particular penal institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-248 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-228 (1976); *see also Montez v. McKinna*, 208 F.3d 862, 865-866 (10th Cir. 2000). Plaintiff shows neither a likelihood of success on the merits nor irreparable injury with respect to his allegations regarding retaliatory actions or his request to be transferred. Thus, Plaintiff is not entitled to injunctive relief in this regard.

In sum, the undersigned finds that Plaintiff has failed to meet his heightened burden to establish an entitlement to injunctive relief. Accordingly, it is recommended that Plaintiff's request for a preliminary injunction be denied.

## **RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's request for a temporary injunction [Doc. No. 14] be

---

[3] In *Turner*, the Supreme Court cautioned against judicial interference with the daily administration of prisons:
> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Turner*, 482 U.S. at 84-85.

denied. Plaintiff is advised of his right to object to this Report and Recommendation on or before the 27th day of September, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Any objections should be filed with the Clerk of this Court. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation only partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 7th day of September, 2005.

*[signature]*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE