IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON VERAN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-777-C |
| | ) |
| DISTRICT NINE DRUG TASK FORCE, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, has filed this action pursuant to 42 U.S.C. § 1983 alleging various violation of his constitutional rights arising from a search of his residence in Guthrie, Oklahoma, on January 12, 2001. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the Court is a motion to quash service of the Oklahoma Attorney General [Doc. No. 31] and a motion to dismiss filed by Defendant District Nine Task Force [Doc. No. 34], to which Plaintiff has neither filed a response nor requested an extension of time in which to do so. Additionally, Plaintiff has filed a motion for default judgment [Doc. No. 35]. Defendants Bruning and Brown have filed a response to this motion [Doc. No. 62], and Defendant Buchanan has also filed a response to the motion [Doc. No. 63]. For the following reasons, it is recommended that the motion to quash service on the Attorney General be granted, that Defendant District Nine Task Force's motion to dismiss be denied as moot, and that Plaintiff's motion for default judgment be denied. Further, it is recommended that the action against Defendant Kristey Lawson be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I. <u>Motion to Quash</u>

The Oklahoma Attorney General has entered a special appearance and moved to quash Plaintiff's service of process. *See* Doc. No. 21. The Attorney General contends that Plaintiff has not named the Oklahoma Attorney General as a defendant in his complaint, and further, that the Oklahoma Attorney General does not have the duty or authority "to accept[] service on behalf of a state agency, political subdivisions of the state, or employees of state agencies or of political subdivisions of the State. . . ." Special Appearance and Motion to Quash Service of Process on the Oklahoma Attorney General and Brief in Support [Doc. No. 31].

Plaintiff filed his § 1983 complaint in this action on July 7, 2005, naming as Defendants six individuals and the District Nine Task Force. On August 10, 2005, the Court ordered Plaintiff to serve summons on the named defendants. The Attorney General of the State of Oklahoma is not identified as a defendant in the complaint. In his praecipe for summons, however, Plaintiff listed the "State of Oklahoma" and directed summons to be mailed to "2300 N. Lincoln, OKC, OK 73105." Doc. No. 18. The relevant process receipt and return names "Drew Edmondson - Office of Attorney General (Okla) as the individual to serve, and identifies "Whitney Price - Receptionist for Attorney General" as the person upon whom service was made. Doc. No. 21.

The Attorney General's motion contains a certificate of service in which counsel verified that the motion to quash was mailed to Plaintiff at his last known address on October 3, 2005. The certificate of service is prima facie evidence that Plaintiff was served with a copy of the motion to quash. The time for Plaintiff to respond to the motion has expired. LCvR 7.2(e). By not responding to the motion to quash service of

process, Plaintiff has failed to contest the allegations made by the Oklahoma Attorney General – that he is not a defendant in this cause of action and that he is not authorized by law to accept service on behalf of a state agency or an employee of a state agency. Under these circumstances, the undersigned recommends that the motion to quash be granted.

Additionally, even if properly named and served, both the Oklahoma Attorney General in his official capacity and the State of Oklahoma are absolutely immune from suit in this action under the Eleventh Amendment.[1] The Eleventh Amendment generally bars suits in federal court against states and entities considered arms of the state. *See Edelman v. Jordan*, 415 U.S. 651, 663-64 (1974); *Unified Sch. Dist. No. 480 v. Epperson*, 583 F.2d 1118, 1121 (10th Cir. 1978). It also generally bars federal suits against state officers in their official capacities for money damages. *Edelman*, 415 U.S. at 663; *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This is not a situation in which Congress has abrogated the state's Eleventh Amendment immunity, nor one in which the state has consented to be sued. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994) ("Oklahoma has not waived its Eleventh Amendment immunity."). Thus, it would be futile to allow Plaintiff

---

[1] The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B) mandates the dismissal of a claim contained in an *in forma pauperis* complaint "at any time" a court deems the complaint to be frivolous or malicious, or if it fails to state a claim on which relief may be granted.

an opportunity to amend his complaint to add Oklahoma Attorney General Drew Edmondson[2] or the State of Oklahoma as defendants.

For these reasons, the undersigned recommends that the Oklahoma Attorney General's motion to quash service of process be granted.

II. <u>Voluntary Dismissal of Defendant District Nine Task Force</u>

Defendant District Nine Task Force has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Doc. No. 34.[3] Plaintiff has not responded to the motion within the time permitted. However, within a document filed on December 6, 2005, Plaintiff indicated his intention to voluntarily dismiss Defendant District Nine Task Force. Therefore, an order was entered on December 9, 2005, finding that because Plaintiff's filing operated as a dismissal of the complaint as to Defendant District Nine Task Force, this Defendant was dismissed without prejudice on December 6, 2005. Doc. No. 59 (citing Fed.R.Civ.P. 41(a)(1)(i) and *Janssen v. Harris*, 321 F.3d 998 (10th Cir. 2003)). Plaintiff has not objected or otherwise responded to the Court's December 9 order. Because Defendant District Nine Task Force was voluntarily dismissed on December 6, 2005, the undersigned recommends that the motion to dismiss filed by Defendant District Nine Task Force be denied as moot.

III. <u>Plaintiff's Motion for Default Judgment</u>

---

[2]Even if Plaintiff amended his complaint to name Attorney General Edmondson in his individual capacity, such claim would be summarily dismissed for Plaintiff's failure to allege any facts in the complaint that would demonstrate the Oklahoma Attorney General's personal participation in any alleged constitutional violation. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

[3]In the motion to dismiss, the District Nine Task Force describes its function as a special program of the District Attorney's Office of the Ninth Judicial District and alleges that to the extent it is a suable entity, it is a branch or agency of the State of Oklahoma and is therefore immune from suit pursuant to the Eleventh Amendment.

Plaintiff filed his complaint on July 7, 2005, and on November 17, 2005, Plaintiff filed a motion requesting the entry of default pursuant to Fed.R.Civ.P. 55(a) against Defendants Bruning, Brown, Buchanan, Higgins and District Nine Drug Task Force. Doc. No. 36. On the same date Plaintiff also filed a "Memorandum in Support of Default Judgment Pursuant 'Inquest' Pursuant to Fed.R.Civ.P. Rule 55(b)(2)," in which he essentially argues that the above named Defendants have been served but have failed to answer or otherwise respond to his complaint. Doc. No. 38. For the reasons discussed hereafter, Plaintiff is not entitled to default judgment.

Defendants Bruning and Brown, who were served on September 13 and September 14, 2005, respectively, did not file a response to the complaint in the time allotted by the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P 12(a)(1)(A) (providing that "[u]nless a different time is prescribed by a statute of the United States, a defendant shall serve an answer within 20 days after being served with the summons and complaint"). On November 23, 2005, counsel entered an appearance on behalf of Defendants Bruning and Brown and filed a motion requesting leave to file their answer or other responsive pleading out of time. Doc. Nos. 44 and 45. Counsel emphasized that the failure to timely respond was not the fault of Defendants Bruning and Brown, but resulted in part from the late date these Defendants received notification that the Attorney General's Office would not be representing them as they had expected. This Court granted their

motion and Defendants Bruning and Brown then timely filed a motion to dismiss.[4]  Doc. No. 51.  Therefore, Defendants Bruning and Brown are not in default.

Defendant Buchanan, who was served on September 13, 2005, also failed to respond timely to the complaint.  However, on November 18, 2005, counsel entered an appearance on behalf of Defendant Buchanan and sought leave to file an answer or responsive pleading out of time, stating that the failure to properly answer or otherwise respond was neither a purposeful act on behalf of Buchanan nor was it for the purpose of delay.  Doc. Nos. 39 and 40.  Counsel stated that Defendant Buchanan also believed that the Oklahoma Attorney General's Office would represent him, and he filed an application for leave on the day it was discovered that the Attorney General's Office would not be representing him.  By order dated November 21, 2005, Defendant Buchanan was granted leave to file out of time.  Doc. No. 43.  On November 30, 2005, Defendant Buchanan timely filed a motion to dismiss.  Therefore, Defendant Buchanan is not in default.

Defendant Higgins was served on September 13, 2005, and counsel entered an appearance on behalf of Defendant Higgins on September 22, 2005.  Defendant Higgins filed a motion to dismiss on November 14, 2005.  Doc. No. 35.  Although Defendant Higgins filed his responsive pleading beyond the relevant time period, several factors

---

[4]In a case of delayed responses, Rule 6(b)(2) of the Federal Rules of Civil Procedure grants federal courts the discretion to admit an untimely filing, upon motion, if the failure to timely act was the result of "excusable neglect." Fed.R.Civ.P. 6(b)(2).  Rule 6(b) applies to motions to dismiss for failure to state a claim under Rule 12(b)(6).  *See id.* (excluding various motions from Rule 6(b)'s time extension procedures, but not listing motions to dismiss for failure to state a claim upon which relief may be granted).  The Tenth Circuit Court of Appeals has held that "[a] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and . . . a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation*, 493 F. 2d 1288, 1290 (10th Cir. 1974).

weigh against entry of a default judgment against him. First, the undersigned finds that the delay did not impact judicial proceedings. Additionally, Defendant Higgins filed a motion to dismiss raising a meritorious defense--that Plaintiff's federal and state law claims are time-barred. Further, there is no indication that Defendant Higgins did not act in good faith. Finally, the Court generally favors resolution of disputes on the merits, recognizing the severity of a default judgment. *See In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (*per curiam*) ("Default judgments are a harsh sanction."). A default judgment is ordinarily available only when "the adversary process has been halted because of an essentially unresponsive party." *Id.* (quoted citation omitted); *see also Petersen v. Carbon County*, No. 98-4010, 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) ("The entry of a default judgment is a harsh sanction and resolution of disputes on the merits is strongly favored."). Under somewhat similar circumstances, the Tenth Circuit Court of Appeals has reversed entry of a default judgment. *See Stines v. Martin,* 849 F.2d 1323, 1324-25 (10th Cir. 1988) (reversing the award of a default judgment when the defendant's response, although three weeks late, resulted in "minor" delays and did not disrupt the proceedings).

Under the circumstances presented here, the undersigned recommends that Plaintiff's motion for default judgment against Defendants Bruning, Brown, Buchanan and Higgins be denied.

IV. Dismissal of Defendant Kristey Lawson

Plaintiff's complaint centers on a search of his residence conducted on January 12, 2001, by Guthrie police officers and members of the District Nine Task Force, which resulted in criminal charges and Plaintiff's conviction of three felony drug related

offenses in the District Court of Logan County, two of which were later reversed by the Oklahoma Court of Criminal Appeals on direct appeal.  Plaintiff's claim against Defendant Lawson is the State "recruited" Lawson to "gain incriminating evidence" against him "in retaliation for Plaintiff filing a civil rights suit under Case No. CIV-00-1394-C . . ."  Complaint at 3(c).  Plaintiff was initially unsuccessful in obtaining service on Defendant Lawson, *see* Doc. No. 24.[5]  By order dated December 8, 2005, the Court granted Plaintiff's request for another summons in order to effect service on Defendant Lawson and the Court *sua sponte* granted Plaintiff an additional 45 days to obtain service on this Defendant.  Doc. No. 58.  Plaintiff obtained service on Defendant Lawson on February 3, 2006.  Doc. No. 76.  Notwithstanding Plaintiff's service of process on Defendant Lawson, the undersigned finds that the claims against this Defendant are subject to dismissal for failure to state a claim upon which relief may be granted.  Because Plaintiff is proceeding *in forma pauperis*, the claims against any named Defendants may be dismissed "at any time" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Tarabishi v. McAlester Reg'l Hosp.*, 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of a §1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage").

---

[5]On September 13, 2005, the United States Marshals Service certified that an attempt to locate and serve Defendant Lawson at the Guthrie Probation Office had been unsuccessful, noting that "Lawson is a fugitive probationer w/felony warrants out."  Doc. No. 24.

Plaintiff identifies Defendant Lawson as a citizen of Guthrie, Oklahoma, and alleges that Lawson was a "confidential informant" for the District Nine Task Force. Complaint at 2(b). According to Plaintiff, Lawson was "recruited in order to attempt to make entr[ance] into Plaintiff's residence" and to establish grounds to conduct a search of his residence. *Id.* at 3(c). Plaintiff further claims that there was a "relationship between Ms. Lawson and the prosecutor [] that may have led her to slant her testimony in favor of the State against Plaintiff . . . ." *Id.* Plaintiff's allegations in this regard fails to state a claim under § 1983 because Plaintiff fails to allege facts sufficient for finding state action by Defendant Lawson, a private party.

Plaintiff's claim is based in significant part on the fact that Defendant Lawson testified against him in his criminal proceedings. Complaint at 3(d)-3(e). To the extent Plaintiff is alleging that Lawson is liable due to her allegedly perjured or false testimony at trial and/or her conspiracy to present such testimony at trial, this claim must fail as a matter of law. In *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983), the Court held that a witness is absolutely immune from liability for alleged perjured testimony. *See also Bennett v. Passic*, 545 F.2d 1260, 1264 (10th Cir. 1976) ("[W]itnesses who testify at [criminal] trial are not acting under color of state law."). The Tenth Circuit extended the *Briscoe* ruling to conspiracies to present perjured testimony in *Miller v. Glanz*, 948 F.2d 1562 (10th Cir. 1991):

> Allowing criminal defendants to seek damages under § 1983 for conspiracy among state witnesses to offer false testimony would give rise to the same systemic concerns noted in *Briscoe*. . . . In short, we conclude that the extension of absolute immunity from civil liability to those who allegedly conspire to present perjured testimony in furtherance of a criminal conviction serves the same important purpose of immunity to witnesses themselves. Confident in the safeguards inherent in the 'crucible of the

9

> judicial process' we strike a difficult balance in favor of immunity. (citations omitted).

*Miller*, 948 F.2d at 1571-72 (citations omitted).

"Private individuals and entities may be deemed state actors, however, if they have 'acted together with or [have] obtained significant aid from state officials, or [if their] conduct is otherwise chargeable to the state.'" *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). When a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, "mere conclusory allegations with no supporting averments are insufficient." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Rather, the plaintiff must specifically plead "facts tending to show agreement and concerted action." *Id. See also Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005); *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000). Although state action may be established where sufficient allegations exist of a conspiracy by a defendant with state actors, *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994), a plaintiff's conclusory and unsupported allegation of conspiracy in his complaint is insufficient. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

Although Plaintiff attempts to claim that Defendant Lawson conspired with the State, or acted together with the task force, he fails to support his conclusory claim with any facts indicating that Lawson's alleged conduct was fairly attributable to the State. For example, Plaintiff's allegation that he observed Defendant Lawson exiting the Logan County District Attorney's Office when Plaintiff was brought back for court hearings in

Case 5:05-cv-00777-D   Document 81   Filed 02/28/06   Page 11 of 12

other criminal cases fails to show that Lawson acted together with or obtained significant aid from state officials. Nor does he support any claim that Lawson's conduct was otherwise chargeable to the State.

In light of the above, the undersigned finds that Plaintiff has failed to satisfy the requirements for maintaining a § 1983 action against Defendant Lawson, a private defendant. It is therefore recommended that Plaintiff's claim against Defendant Lawson be dismissed for failure to state a claim for which relief may be granted under § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that

(1) the motion to quash service of process of the Oklahoma Attorney General [Doc. No. 31] be granted;

(2) the motion to dismiss filed by Defendant District Nine Task Force [Doc. No. 34] be denied as moot, based on Plaintiff's notice of voluntary dismissal of this Defendant;

(3) Plaintiff's motion for default judgment [Doc. No. 36] be denied; and

(4) the claim against Defendant Lawson be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of March, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation only partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 28th day of February, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE