## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MILTON VERAN WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff ,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-777-C** |
| | ) | |
| **DISTRICT NINE TASK FORCE,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, initiated this action pursuant to 42 U.S.C. § 1983 and the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-200, alleging various violations of his constitutional rights arising from a search of his residence in Guthrie, Oklahoma, on January 12, 2001. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendants Higgins, Buchanan, Bruning, and Brown have moved to dismiss the cause of action as time-barred by the relevant statute of limitations. Motion to Dismiss of Defendant Dale Higgins ("Higgins Motion") [Doc. No. 35]; Motion to Dismiss of Brooke Buchanan ("Buchanan Motion")[1] [Doc. No. 49]; and Motion to Dismiss of Defendants Mark Bruning and Rex Brown ("Bruning Motion") [Doc. No. 51]. Plaintiff has responded to these motions. Additionally, a motion to dismiss has been filed by Defendant Robert Hudson ("Hudson Motion") [Doc. No. 80], and Plaintiff has

---

[1]Rather than setting forth a separate analysis of the statute of limitations issue, Defendant Buchanan simply "adopts the arguments" made in Defendant Higgins' motion to dismiss. *See* Doc. No. 49. Accordingly, the undersigned has referred to and cited the arguments set forth in the motions filed by Defendant Higgins and Defendants Bruning and Brown.

responded to the motion. Thus, the motions are at issue. For the reasons set forth below, it is recommended that the Court grant in part and deny in part the motions to dismiss based on the expiration of the limitations period. Additionally, it is recommended that Defendant Hudson's motion to dismiss the claim against him in Count One be granted for failure to allege his personal participation. It is further recommended that Defendant Hudson's motion to dismiss be granted on grounds of prosecutorial immunity and that any claims in Count Three against Defendants Bruning, Brown, Buchanan and Higgins be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B)(ii). Finally, it is recommended that Plaintiff's state law claims be dismissed as untimely.

Background

Plaintiff is currently incarcerated at the Oklahoma State Penitentiary in McAlester, Oklahoma. The claims in this action arise from a search of Plaintiff's home in Guthrie, Oklahoma in connection with his arrest in 2001. In describing the nature of the case, Plaintiff alleges that at approximately 7:30 p.m. on January 12, 2001, Defendants Bruning, Buchanan and Higgins parked a van near the front yard of his residence at 923 E. Vilas in Guthrie, and that thereafter Defendant Buchanan and Plaintiff conducted a drug transaction on Plaintiff's front porch. Following this transaction, Plaintiff reentered his home.[2] According to Plaintiff, Defendant Buchanan

---

[2]Although Plaintiff asserts in various pleadings that he was "forced" to sell Defendant Buchanan cocaine, his conviction for distribution of crack cocaine in Count One was affirmed by the state appellate court on direct appeal.

returned to the van, and then Buchanan and Defendants Bruning and Higgins exited the van, kicked in the door of Plaintiff's residence and searched his residence without a warrant.[3]  Plaintiff alleges that Defendants Buchanan, Bruning, and Higgins, assisted by Defendant Brown, seized and destroyed certain property at the time of the initial search and during a subsequent search after a search warrant was issued at approximately 9:15 p.m.  Plaintiff also claim that these Defendants failed to secure the residence following the searches.  Specifically, Plaintiff alleges that the interior of the residence and certain personal property (jewelry, cellular phones and clothing) was destroyed, or confiscated, stolen and/or left unsecured and subject to vandalism.

Plaintiff was subsequently convicted after jury trial of three drug-related offenses: distribution of a controlled dangerous substance (crack cocaine) (Count One); possession of a controlled dangerous substance (crack cocaine) (Count Three); and maintaining a place for keeping/selling controlled dangerous substance (Count Four). Case No. CF-2001-11, District Court of Logan County.  On July 11, 2003, the OCCA affirmed Plaintiff's conviction on Count One[4] but reversed with instructions to dismiss the convictions on Counts Three and Four based on a determination that "the police

---

[3]The record reflects that Plaintiff looked out the window as the officers approached his residence, fled the house, and was apprehended approximately two hours later a short distance from the residence. Complaint, Ex. 1 (excerpts from trial transcript in Case No. CF-2001-11) at Vol. 1 p.76, Vol. 2 p.29; Plaintiff's Response to Bruning Motion [Doc. No. 61] at 7 and 9; Ex. 1 (excerpt from trial transcript) at p.179-80; Ex. 3(a)-(b) (District 9 Drug Task Force probable cause affidavit).

[4]The conviction on Count One for distribution was based on the sale which occurred on Plaintiff's front porch.  With respect to the sentence imposed on Count One, the OCCA ordered the district court to modify the fine imposed from $100,000.00 to $10,000.00 and to amend the judgment and sentence to reflect that the 30- year sentence for that offense be served concurrently with Plaintiff's ten-year sentence in Case No. CF-2000-117, District Court of Logan County.  Higgins Motion, Ex. A.

unlawfully entered [Plaintiff's] home, requiring the suppression of all evidence seized as a result of the entry."  Higgins Motion, Ex. A at 3 (citing *Payton v. New York,* 445 U.S. 573 (1980)).[5]

Claims Raised by Plaintiff

To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff asserts that three types of constitutional violations occurred.  Complaint at 1-2(b) and 5.  In Count One, Plaintiff alleges that Defendants Bruning, Buchanan and Higgins and Brown[6] violated his rights under the Fourth Amendment by searching his home on January 12, 2001, without a warrant and absent

---

[5]Citing *Payton v. New* York, 1445 U.S. 573 (1980), the OCCA made the following findings regarding the circumstances surrounding the unlawful entry into Plaintiff's home:

> When officer Buchanan purchased crack cocaine from Williams's front porch, he could have immediately made an arrest, conducted a protective sweep of the house, and waited for a search warrant.  Buchanan instead chose to return to the unmarked van and join the other two officers in preparing to enter Williams's home and arrest him without a warrant. The police officer's conduct was improper, as absent exigent circumstances, or consent, law enforcement may not enter a home to conduct a search or make a felony arrest without a warrant.  Here there were no exigent circumstances.  In deed, the officer's asserted reason for entering the home was to arrest Williams – not to respond to any exigencies at hand.  Any evidence obtained after the unlawful entry must be suppressed.

Higgins Motion, Ex. A at 3 n.2.

[6]Plaintiff does not specifically name Defendant Brown in the supporting facts for Count One. However, in the nature of the case Plaintiff alleges that Defendant Brown participated in the search of his residence on January 12, 2001, and portions of the trial transcript provided by Plaintiff confirms that Brown assisted in the search.  Complaint at 2(b) and Exhibit 1 (excerpt of trial transcript in Case No. CF-2001-11) at p.184.  Moreover, in his motion to dismiss Defendant Brown has not disputed that he participated in the entry and search of Plaintiff's residence on January 12.  Accordingly, the undersigned has construed Count One as asserting a claim against Defendant Brown.

exigent circumstances.  Complaint at 3.  In Count Two, Plaintiff alleges that Defendants maliciously destroyed his personal property "in retaliation for Plaintiff's filing of a civil suit against Mark Bruning and/or City of Guthrie."  Complaint at 3.  In Count Three Plaintiff alleges that Defendant Hudson "[i]mped[ed] [his] First Amendment right to access to the courts in order to contest the confiscation of Plaintiff's currency recovered in Plaintiff's residence in violation of Plaintiff's Fourth Amendment right."  Complaint at 4.

As previously noted, Defendants Higgins, Bruning, Brown and Buchanan have moved to dismiss the complaint based on the contention that all of Plaintiff's federal and state law claims are time-barred by the relevant statute of limitations.  Doc. Nos. 35, 49, and 51.  Defendant Hudson also moves to dismiss Plaintiff's federal and state law claims on statute of limitations grounds and on additional grounds of failure to allege Hudson's personal participation, absolute prosecutorial immunity for Hudson as District Attorney, and immunity from suit in his official capacity under the Eleventh Amendment.  Doc. No. 80.

Analysis

I.  Standard of Review

Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  The Court will dismiss a cause of action for failure to state a claim only when "'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief.'"  *Beedle v. Wilson*, 422 F.3d 1059,

1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court

accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and

all reasonable inferences from those facts are viewed in favor of the plaintiff.  *Beedle*,

422 F.3d at 1063.  The issue is "not whether [the] plaintiff will ultimately prevail, but

whether the claimant is entitled to offer evidence to support the claims."  *Swierkiewicz*

*v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d

at 1063.  When, as here, a plaintiff is proceeding pro se, the Court construes his

pleadings liberally and holds the pleadings to a less stringent standard than formal

pleadings drafted by lawyers.  *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001);

*accord Shaffer v. Saffle*, 148 F.3d 1180, 1181 (10th Cir. 1998) (quoting *Hall v. Bellmon*,

935 F.2d at 1110).  The liberal construction of the plaintiff's complaint, however, "does

not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized

legal claim could be based."  *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

"[C]onclusory allegations without supporting factual averments are insufficient to state

a claim on which relief can be based."  *Id.*

In addition to ruling on a motion to dismiss, a district court may always dismiss

a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) "when it is patently obvious that the

plaintiff could not prevail on the facts alleged, and allowing him an opportunity to

amend his complaint would be futile."  *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th

Cir. 1991) (internal citations omitted).  *See also*  28 U.S.C. § 1915A(b)(1)-(2); *see also* 28

U.S.C. § 1915(e)(2)(B) (authorizing dismissal of a complaint or portion thereof filed by

a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity, which "is frivolous, malicious, fails to state a claim for which relief can be granted" or "seeks monetary relief from a defendant who is immune from such relief").

## II. Statute of Limitations for § 1983 Actions

The moving Defendants[7] contend that the complaint was filed after the expiration of the two-year statute of limitations applicable to § 1983 cases filed in Oklahoma and therefore Plaintiff's claims are time barred. Doc. Nos. 35, 49, 51 and 80. For the following reasons, the undersigned finds that the claims in Counts One and Three have been timely filed but the claim in Count Two was not and should be dismissed.

The period of limitations for a § 1983 action is governed by the forum state's law applicable to personal injury actions. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980). The parties do not dispute that in Oklahoma, the limitations period for § 1983 actions is two years. *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (Oklahoma's two-year period of limitations applied to a claim involving an illegal arrest); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (in Oklahoma, the applicable period of limitations for a § 1983 action is two years). Oklahoma law also restricts the bases on which a limitation period may be tolled:

> In general, Oklahoma permits the tolling of a statute of limitations in two circumstances. First, the existence of a "legal disability" provides proper grounds for equitable tolling. Although the exact definition of this term

---

[7]Defendant Hudson limits his timeliness argument to any claims occurring two years prior to the filing of the instant complaint on July 7, 2005. Hudson Motion [Doc. No. 80] at 6.

> remains unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority. . . .
>
> Second, the Oklahoma discovery rule tolls the statute of limitations until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action. Therefore, if defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered.

*Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (internal citations and quotations omitted).

While state law governs statute of limitations issues, federal law determines the accrual of § 1983 claims. *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (federal law determines the accrual of § 1983 claims). "Since the injury in a § 1983 case is the violation of a constitutional right . . . such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quoted citation omitted); *see also Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) ("A civil rights action accrues when 'facts that would support a cause of action are or should be apparent.'") (citations omitted). The Court must therefore "identify the constitutional violation and locate it in time." *Smith v. City of Enid*, 149 F.3d at 1154 (citation omitted).

Plaintiff contends that because his § 1983 claims necessarily challenge the validity of his conviction, such claims did not accrue until July 11, 2003, when the OCCA reversed his convictions in Counts Three and Four in Case No. CF-2001-11.

Complaint at 2, ¶4; and at 5(b) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994));[8] Plaintiff's Response to Higgins Motion [Doc. No. 60] at 3-4; Plaintiff's Response to Bruning Motion [Doc. No. 61] at 3-5.  Plaintiff therefore contends the complaint, filed July 7, 2005, is timely.   Although Defendants recognize that under *Heck* the accrual of a § 1983 claim is delayed where the claim necessarily challenges the validity of a conviction or sentence, Defendants argue that Plaintiff is not entitled to such tolling because "he cannot show that all his convictions have been overturned."  Bruning Motion at 3; *see also* Higgins Motion at 4 (unpaginated) ("In Oklahoma, a party asserting malicious prosecution must prove that all criminal proceedings have terminated in his favor.").  Put another way, Defendants maintain that Plaintiff cannot rely on the tolling principles in *Heck, supra,* because his conviction on one count in Case No. CF-2001-11 was affirmed by the OCCA on direct appeal and has not been invalidated.   Higgins Motion at 4 (unpaginated); Bruning Motion at 4.[9]

In *Heck*, the Supreme Court concluded that:

---

[8]To the extent Plaintiff contends that the relevant statute of limitations was tolled during the exhaustion of his state court remedies, *i.e.*, the direct appeal of his convictions, he is incorrect.  Plaintiff's § 1983 action "does not enjoy the same tolling of time limitations as a habeas petition because, unlike the requirements for a habeas petition, 'exhaustion of state [court] remedies is [generally] not a prerequisite to an action under § 1983, even an action by a state prisoner.'"  *Smith v. Ortiz*, No. 05-1211, 2006 WL 620871, at *4 (10th Cir. Mar. 14, 2006) (quoting *Heck*, 512 U.S. at 480). (Unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.) .

[9]Citing *Heck*, Defendants further contend that Plaintiff's sentences in the reversed convictions, Counts Three and Four, were ordered to be served concurrently with the thirty-year prison term in Count One, and therefore Plaintiff cannot show that he suffered any additional or different injury beyond the incarceration he would have endured in any event.  Higgins Motion at 4 (unpaginated); Bruning Motion at 4.  Defendants' arguments in this regard are not relevant to a determination of whether Plaintiff's claims have been timely filed and therefore have not been further addressed herein.

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-487.  The Court noted, however, that some § 1983 actions, "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment" against a plaintiff and should be allowed to proceed.  *Id.*  The Court stated:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Id.* at 487 n. 7 (internal citations omitted).

The Tenth Circuit has determined that "'[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.'"  *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 558 (10th Cir. 1999) (quoting *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)).[10]  A plaintiff can rebut the presumption by providing information showing that the claim accrued at a later time.

---

[10]In *Beck* the Circuit Court found that *Heck* did not bar the plaintiff's claims of unlawful arrest and unreasonable search and seizure because ultimate success on those claims would not necessarily imply the invalidity of plaintiff's conviction for rape or his probation revocation.  *Beck*, 195 F.3d at 558.

*Id.*  In determining the applicability of *Heck* and the accrual date of Plaintiff's § 1983 claims, the Court must assess each of Plaintiff's claims individually.  *Id.* at 557.

A.  <u>Illegal Search and Seizure Claims - Count One</u>

In Count One Plaintiff alleges that on January 12, 2001, Defendants Bruning, Buchanan and Higgins with the assistance of Defendant Brown, kicked in the front door and in the absence of exigent circumstances, these Defendants searched his residence without a warrant in violation of his Fourth Amendment right against unlawful and unreasonable search and seizures.  Complaint at 3.  Plaintiff contends that pursuant to *Heck, supra*, the relevant statute of limitations did not begin until July 11, 2003, the date his convictions in Counts Three and Four in Case No. CF-2001-11 were reversed based on the state court's finding that the search was illegal and the evidence obtained must be suppressed.

The Tenth Circuit has indicated that in the "rare situation" where all of the evidence against the plaintiff was obtained as a result of an allegedly illegal search and seizure, the *Heck* rule may apply to extend the accrual date because such a claim would necessarily imply the invalidity of the conviction.  *See Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citing *Beck, supra*, for proposition that "*Heck* precludes § 1983 claim relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.  Such claims arise at the time the charges are dismissed."); *see also Trusdale v. Bell*, 85 Fed.Appx. 691, 693 (10th Cir. Dec. 30, 2003)

(concluding *Heck* barred prisoner's § 1983 claims stemming from the execution of an allegedly invalid no-knock search warrant because court was faced with a rare situation where all of the evidence obtained was the result of the execution of an allegedly invalid search).

In response to the motions to dismiss, Plaintiff alleges that "'all' evidence recovered in the unlawful search of Plaintiff's residence on 01/12/01 was order[ed] to be suppress[ed] and all convictions related to the unlawful search" were reversed with instructions to dismiss by the OCCA.[11]  Plaintiff's Response to Higgins Motion [Doc. No. 60] at 3.  He further argues that his conviction in Count One that was affirmed by the OCCA (distribution of an illegal drug) was "a separate incident from the convictions" in Counts Three and Four.  *Id.* at 4.  The undersigned agrees with Plaintiff that pursuant to *Heck*, his claim in Count One that the search and seizure of his property on January 21, 2001 violated his rights under the Fourth Amendment accrued only upon a successful challenge to the validity of his convictions for possession of a controlled dangerous substance and for maintaining a place to keep/sell a controlled dangerous substance.  *See Beck*, 195 F.3d at 557 ("[F]or § 1983 claims necessarily challenging the validity of a conviction or sentence, *Heck* delays the rise of the cause of action until the conviction or sentence has been invalidated.  Because the cause of action does not accrue until such time, the applicable statute of limitations does not begin to run until

---

[11]At this stage of the proceeding, the Court accepts Plaintiff's allegations as true.  Moreover, Defendants have not disputed that the only evidence supporting Plaintiff's convictions in Counts Three and Four was seized during the unlawful search.

the same time." ) (citing *Heck v Humphrey*, 512 U.S. at 489-90); *accord Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("[W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.") (citing *Heck v. Humphrey, supra*).

Under these circumstances, the undersigned finds that Plaintiff's claim in Count One that the search of Plaintiff's residence on January 21, 2001, violated his rights under the Fourth Amendment did not become ripe until the OCCA reversed those convictions on July 11, 2003. Accordingly, the complaint filed July 7, 2005, is timely as Plaintiff's claim raised in Count One, and it is recommended that the motions to dismiss the complaint as time-barred be denied as to this claim.

Defendant Hudson also seeks dismissal of Count One on other grounds. Hudson contends that the claims in Count One are alleged only against the officers who entered and searched his residence on January 12, 2001. Hudson Motion [Doc. No. 80] at 2-3. Plaintiff does not allege any participation in the search and seizure by Defendant Hudson. Therefore to the extent Plaintiff is attempting to assert the claim in Count One against Hudson, such claim should be dismissed for failure to allege personal participation in the constitutional violation. Personal participation is necessary for individual liability under § 1983. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *see also Houston v. Reich*, 932

F.2d 883, 888 (10th Cir. 1991) ("Liability under section 1983 cannot rest upon the doctrine of respondeat superior.").  In Count One, Plaintiff wholly fails to allege facts showing an "affirmative link" between the constitutional deprivation and Hudson's personal participation, his exercise of control or direction, or his failure to supervise. *See Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).  Accordingly, Plaintiff fails to state a claim for relief against Defendant Hudson in Count One, and Hudson's motion to dismiss should be granted on this basis.

      B.  <u>Destruction of Property Claim - Count Two</u>

A different result obtains with respect to the accrual of Plaintiff's claim in Count Two for statute of limitations purposes.  In Count Two Plaintiff alleges that during the search of his residence on January 12, 2001, certain property was destroyed in retaliation for his filing an earlier civil rights lawsuit in this Court, *Williams v. City of Guthrie, et al.*, Case No. CIV-00-1394-C, in which Plaintiff raised allegations of other actions by the Guthrie Police Department and Defendant Bruning.  Complaint at 3.  He specifically alleges that during and after the January 2001 search, Defendants Bruning, Brown, Buchanan and Higgins participated in "the destroying of Plaintiff's residence and confiscating of Plaintiff's personal property that was never reported in their inventory list of search warrant SW-2001-8."  *Id.* at 3(e).

In moving to dismiss Plaintiff's claim in Count Two as time-barred, Defendants assert that the events giving rise to these claims occurred more than two years prior to the filing of the instant complaint.  Higgins Motion at 5 (unpaginated); Bruning Motion

at 4.  Defendants contend that the statute of limitations applicable to Plaintiff's claim in Count Two is not subject to the tolling principles of *Heck, supra,* because this claim is not based on allegations that would call into question the validity of Plaintiff's convictions and sentences.  *Id.*[12]  Plaintiff makes no persuasive argument that the accrual of his destruction of property claim should be tolled under *Heck.*  Therefore, the undersigned agrees that *Heck* does not apply.

To the extent Plaintiff asserts that this claim did not accrue at the time of the alleged search because he was unaware of the full extent of the destruction, the Tenth Circuit has held otherwise under similar circumstances.  In *Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005), the plaintiff claimed that officers stole and destroyed certain personal property during the search of his residence and argued that such claim accrued well after the date of the search because he fled the scene and "was unaware of the extent of the violations resulting from the unlawful search . . . ." *Id.* at 1163.  In rejecting Mr. Price's argument, the Circuit Court explained that the "law requires only that the claimant 'knows or has reason to know of the injury' before the limitations period begins to run" and the claimant "need not even know 'all of the evidence' before the cause of actions accrues."  *Id.* (citing *Baker v. Board of Regents*, 991 F.2d at 632).  Applying these principles, the Court concluded that "even if Price's own flight may have prevented him from immediately surveying the extent of his property loss," Price "'had reason to know'

---

[12]To properly apply *Heck*'s bar against certain § 1983 damage actions, the Supreme Court explained, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. . . ." *Heck*, 512 U.S. at 487.

that the events giving rise to [his § 1983] action were occurring as early as [the date of the search]." *Id.*   On this basis, the Court agreed that the date state and local law enforcement officers searched Price's home was the applicable accrual date for his search-related claims, and therefore the statute of limitations barred such claims. *Id.*

Here, as in *Price*, even if Plaintiff did not know the full extent of any loss of injury to his property on January 12, 2001 – the date of the search – any property-related injuries that might have occurred during the search of Plaintiff's residence became actionable on January 12, 2001, and time-barred on January 12, 2003.   The instant complaint was filed on July 5, 2005, well beyond the expiration of the two-year period. Accordingly, Plaintiff's claim in Count Two should be dismissed as time-barred.[13]   The dismissal should be with prejudice, as amendment of the complaint would be futile. *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001 ) (because no amendment would cure the defect, the district court properly dismissed the complaint with prejudice); *Smith v. Gonzales*, 222 F.2d 1220, 1221-22 (10th Cir. 2000) (affirming a dismissal with prejudice based on expiration of the limitations period).

---

[13]Defendant Hudson contends that any claim in Count Two against him concerning the seizure of his property should be dismissed for failure to allege personal participation; however, it is not necessary to grant Hudson's motion to dismiss on this basis, as the destruction/loss of property claim in Count Two is time-barred.

To the extent Plaintiff alleges facts in Count Two claiming that Defendant Hudson conspired with a witness, Kristey Lawson, with respect to her testimony at Plaintiff's trial held June 4, 2002, such claim is clearly barred by the two-year statute of limitations. *See* Complaint at 3(c).  In any event, Plaintiff's conclusory and unsupported allegation of conspiracy is insufficient to state a claim. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (*per curiam*) (" Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").  Additionally, even an "out-of-court 'effort to control the presentation of [a] witness' testimony'" is entitled to absolute immunity because it is "fairly within [the prosecutor's] function as an advocate." *Buckley v. Fitzsimmons*, 509 U.S.259, 272-73 (1993) (citation omitted).

C.  Access to the Courts Claim - Count Three

In Count Three, Plaintiff alleges an "impediment of [his] First Amendment right of access to the courts."  Complaint at 4.  In support of this claim, Plaintiff alleges that following his arrest and the search of his home on January 12, 2001, the State of Oklahoma filed a forfeiture action in February 2001 as to $291.00 in cash confiscated from Plaintiff's residence; according to Plaintiff, the forfeiture action was never "completed."  *Id.* at 4(b).  Plaintiff further alleges that after the OCCA's July 11, 2003, decision in his direct appeal, Plaintiff attempted through various pleadings to regain the money that was the subject of the forfeiture proceeding. [14]  Plaintiff contends that his right to access the courts was denied when Defendant Hudson refused to address his pro se pleadings and the State retains custody of the currency recovered during the search of Plaintiff's residence.  *Id.* at 4(c).

Although Defendants argue generally that the claim in Count Three is time-barred, the gravamen of Plaintiff's claim and injury in this claim is the violation of his constitutional right to access the courts, not the search of his residence on January 12, 2001.  So, the relevant inquiry in this case is when Plaintiff knew, or should have known, that Defendant Hudson's actions during the forfeiture proceedings allegedly served to deprive him of that access.  *See Smith v. City of Enid*, 149 F.3d at 1154 ("[s]ince the injury in a § 1983 case is the violation of a constitutional right, . . . such

---

[14]Plaintiff alleges that the forfeiture matter, Case No. CS-2001-17, was set for a hearing on April 9, 2004, *see* Complaint, Ex. 11(b), that the Logan County Court clerk failed to file his pro se Motion for Teleconference Hearing, and that the district court failed to rule on his pro se "Petition for Writ of Habeas Corpus Ad Testificandum."  Complaint at 4(b).

claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated") (citations omitted).  Here, Plaintiff alleges events occurring in his forfeiture proceeding beginning March 4, 2004 – the date the State of Oklahoma allegedly served notice to Plaintiff that the money recovered from the search of his residence would not be refunded.  The claim in Count Three was filed within the relevant two-period and is therefore timely.  Accordingly, the motions to dismiss Plaintiff's claim in Count Three as untimely should be denied.[15]

III.  <u>Access to the Courts Claim - Count Three</u>

Notwithstanding the undersigned's finding that Plaintiff's claim in Count Three against Defendant Hudson was timely filed,  Hudson's motion to dismiss should be granted on the basis of absolute prosecutorial immunity.

The doctrine of absolute prosecutorial immunity bars Plaintiff's claims against Defendant Hudson.  It is well settled that prosecutors have absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).  This immunity extends to claims that a prosecutor has "knowingly used false testimony and suppressed material evidence." *Id.* at 413, 428-429.  Thus, "acts undertaken by a prosecutor in preparing for the initiation

---

[15]Plaintiff has made no allegations whatsoever against Defendants Bruning, Brown, Buchanan, and Higgins in his access to the courts claim in Count Three.  As previously discussed, personal participation is necessary for individual liability under § 1983.  *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Because  Plaintiff fails to allege facts showing an "affirmative link" between the alleged wrong – denial of access to the courts – and the personal participation of these Defendants, he fails to state a claim for relief against such Defendants. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).  Accordingly, any claim in Count Three against Defendants Bruning, Brown, Buchanan, and Higgins should be dismissed pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B)(ii).

of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993).

That is precisely the set of circumstances alleged in Plaintiff's complaint. Even if personal participation by this Defendant is assumed, it is clear that the only basis for Plaintiff's allegations against Defendant Hudson in Count Three are based solely on actions taken by him in the course of initiating and prosecuting a criminal case and a related civil forfeiture case against Plaintiff. Thus, the acts complained of were part of the district attorney's investigation and an intrinsic part of his prosecutorial function. Defendant Hudson is clearly entitled to absolute prosecutorial immunity for these actions "which occur[red] in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273; *Imbler*, 424 U.S. at 451 (a prosecutor is absolutely immune from suit for actions taken within the scope of his duties in initiating and presenting a criminal prosecution); *Hunt v. Bennett,* 17 F.3d 1263, 1267 (10th Cir. 1994) (acts by prosecutor in preparing for initiation of judicial proceedings or for trial and which occur in course of prosecutor's role as advocate for the state are entitled to absolute immunity); *DiCesare v. Stuart*, 12 F.3d 973, 977 (10th Cir. 1993) ("A prosecutor is entitled to absolute immunity when his activities are intimately associated with the judicial phase of a criminal process."); *Ferrer v. Dailey*, No. 96-3155, 1996 WL 731618 (10th Cir. Dec. 29, 1996) (agreeing that "prosecutor' would be protected by absolute prosecutorial immunity for their actions in negotiating . . . an in rem forfeiture agreement with [the

plaintiff]"). Accordingly, Defendant Hudson's motion to dismiss should be granted as to Plaintiff's claim in Count Three on grounds of prosecutorial immunity.

IV. <u>State Law Claims</u>

Plaintiff also purports to invoke this Court's jurisdiction for a state-based claim for tort damages from personal injury, citing the Oklahoma Governmental Tort Claim Act ("OGTCA"), Okla. Stat. tit. 51, §§ 151-200. Complaint at 2, ¶ 4 and at 5(b) (citing § 156(C)).[16] Defendants move to dismiss Plaintiff's state law claims, contending that Plaintiff's OGTCA claims are barred by Plaintiff's failure to comply with the statute's procedural requirements, specifically, the notice provision, which requires presentation of a claim to the state, or appropriate political subdivision, within one year of the alleged loss. *See* Okla. Stat. tit. 51 § 156.

The OGTCA waives the sovereign immunity of the state for "torts of its employees acting within the scope of their employment."[17] Okla. Stat. tit. 51, § 153. However, the OGTCA prescribes and narrowly structures "the method for bringing a tort claim against the state or a political subdivision." *Duncan v. City of Nichols Hills*, 913 P.2d 1303, 1307 (Okla. 1996). Okla. Stat. tit. 51, § 153. The OGTCA provides in relevant part:

---

[16]In his responses to the motions to dismiss, Plaintiff alleges that when Defendants Bruning, Buchanan, Higgins and Brown kicked down the door of his residence and conducted an unlawful search, these Defendants acted in disregard of his constitutional rights and acted outside the scope of their employment, in essence forfeiting their immunity from liability under the OGTCA. Plaintiff's Response to Bruning Motion [Doc. No. 61] at 7; Plaintiff's Response to Higgins Motion [Doc. No. 60] at 5.

[17]The OGTCA defines "scope of employment" as "performance by an employee acting in good faith within the duties of his office of employment or of tasks lawfully assigned by a competent authority . . . ." Okla. Stat. tit. 51, § 152(9).

A. Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including money damages.

B. Claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

Okla. Stat. tit. 51 § 156 (A) and (B).  In order to bring a claim pursuant to the OGTCA,

the following procedure is mandated:

A. A person may not initiate a suit against the state or political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. . . .

B. No action for any cause arising under this act . . . shall be maintained unless valid notice has been given and the action is commenced within the one hundred eighty (180) days after denial of the claim as set forth in this section. . . .

Okla. Stat. tit. 51, § 157 (A) and (B).

Here, Plaintiff's state tort claim appears to be based on the unlawful entry of law enforcement officers in his residence on January 12, 2001.  To the extent Plaintiff seeks to impose tort liability against the state for injuries or a loss resulting from the act of an employee acting within the scope of employment, he has failed to follow the procedure mandated by the OGTCA.  In addition to Plaintiff's failure to name the governmental entity from which he seeks compensation (rather than individual state employees), *see* Okla. Stat. tit. 51, § 163(C), any claims under the OGTCA are time-barred.  Plaintiff's documentation demonstrates that the tort claim he filed was denied on December 1, 2003, was filed beyond "the one-year deadline required by 51 Oklahoma Statute 156."

Complaint, Ex. 6.   Additionally, Plaintiff failed to initiate his OGTCA cause of action within the time limits set by Okla. Stat. tit. 51, § 157(A) and (B).   Thus, any state law claims brought by Plaintiff in connection with the search of his residence on January 12, 2001, pursuant to the OGTCA are barred.   *See Beck*, 195 F.3d at 56-61 (finding § 1983 plaintiff's state law claims barred by the failure to follow the procedures mandated by the OGTCA).

The undersigned notes that Plaintiff also alleges that Defendants "acted outside the scope of their employment."   Complaint at 5(b).   *See also* Plaintiff's Response to Higgins Motion at 5 ("Defendants acted with reckless disregard for Plaintiff's constitutional rights knowing that it was outside the course and scope of their employment to kick in a private citizen's residence door without warrant, consent, not [] exigent circumstance . . . ."); Plaintiff's Response to Bruning Motion [Doc. No. 61] at 7 (alleging Defendants acted "outside the cope of their duties as law enforcement agent[s]").   To the extent Plaintiff  asserts that Defendants Bruning, Brown, Buchanan and Higgins, in their individual capacity, acted with malice or in bad faith and that such acts were not within the scope of employment, the procedural requirements of the OGTCA for presenting claims to governmental entities do not apply.   *Pellegrino v. Oklahoma ex rel. Cameron Univ.*, 63 P.3d 535, 540 (Okla. 2003).   Nonetheless, such personal state tort claims, based on actions that took place on January 12, 2001, are time-barred under the relevant two-year Oklahoma statute of limitations.   *See* Okla. Stat.

tit. 12, § 95.  Because Plaintiff's state law claims, however construed, are time-barred, such claims should be dismissed.[18]

## **RECOMMENDATION**

In light of the foregoing, it is recommended that the motions to dismiss Plaintiff's claims as time-barred of Defendant Brooke Buchanan [Doc. No. 49]; Defendants Mark Bruning and Rex Brown [Doc. No. 51]; Defendant Dale Higgins [Doc. No. 35]; and Defendant Hudson [Doc. No. 80] be granted with respect to Count Two and denied as to Counts One and Three.  It is further recommended that Defendant Hudson's motion to dismiss the claim in Count One for failure to allege personal participation be granted [Doc. No. 80].  Additionally, with respect to Count Three, it is recommended that any claims against Defendants Buchanan, Bruning, Brown and Higgins be dismissed pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(b)(ii), for failure to allege personal participation, and that Defendant Hudson's motion to dismiss [Doc. No. 80] on grounds of absolute prosecutorial immunity be granted.  It is further recommended that Plaintiff's state law tort claims be dismissed as time-barred by the relevant statute of limitations.

If this Report and Recommendation is adopted, it is recommended that the case be re-referred to the undersigned Magistrate Judge for further proceedings as to Count One of the complaint.

---

[18]Defendants have alternatively requested that the Court decline supplemental jurisdiction over Plaintiff's state law claims because his federal claims should be dismissed as time-barred. However, as discussed *supra*, the claim in Count One is timely and therefore remains. However, as just discussed, Plaintiff's state law claims should be dismissed because Plaintiff failed to file such claims within the relevant statute of limitations.

Additionally, in light of the dismissal of Defendant Lawson by Order dated March 22, 2006, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's pending motion for default judgment against Defendant Lawson [Doc. No. 84] is moot and should therefore be denied. Finally, in light of the recommendations made herein, it is recommended that Plaintiff's Motion for Order Directing Defendants to File Special Report [Doc. No. 109] and Motion for Order of Certification [Doc. No. 110] be denied, and that Defendant Hudson's Motion for Protective Order [Doc. No. 111] be denied as moot.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 21st day of September, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 1st day of September, 2006.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

24