IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MILTON VERAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-777-D |
| | ) | |
| DISTRICT NINE DRUG TASK FORCE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1) on February 28, 2008. Judge Roberts recommends that Defendant Brooke Buchanan's motion for summary judgment on Plaintiff's sole remaining claim, stated in Count I of the Complaint, be granted in part and denied in part and that Plaintiff's motion for summary judgment be denied.[1] Within the time period for objections, Plaintiff has filed a *pro se* document entitled "Plaintiff's Request to District Judge to Render a Rule 50(a)(2) Conditional Ruling of a Judgment as a Matter of Law and/or Direct Verdict" [Doc. No. 177], which re-argues the merits of the parties' summary judgment motions and appears to have been prepared without the benefit of Judge Roberts' Report and Recommendation.[2] Out of an abundance of caution, the Court construes this filing as a timely objection to the Report.

---

[1] Prior to the transfer of this case to the undersigned, Chief Judge Cauthron entered orders that resulted in the dismissal of all claims except Count I of the Complaint against Defendants Buchanan, Mark Bruning, Dale Higgins, and Rex Brown. *See* Order 3/22/06 [Doc. No. 89]; Order 9/29/06 [Doc. No. 116]. Stipulations have been filed dismissing Defendants Bruning, Higgins, and Brown. *See* Stipulation 10/9/06 [Doc. No. 118]; Stipulation 10/13/06 [Doc. No. 124].

[2] Defendant has filed other motions raising issues not addressed by the Report and Recommendation. These motions are not ripe for decision and will be addressed by a separate order.

Thus, the Court must make a *de novo* determination of any part of the Report to which specific objection is made by Plaintiff, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, Defendant has waived further review of all issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks damages from Defendant under 42 U.S.C. § 1983 for Fourth Amendment violations that allegedly occurred due to a forced entry into and search of Plaintiff's residence in Guthrie, Oklahoma, on January 12, 2001. The search resulted in damage to and seizure of Plaintiff's property; it also resulted in state law enforcement officers' obtaining information and evidence used to obtain a search warrant and to convict Plaintiff of drug charges in state court. In a direct appeal in the state criminal case, the Oklahoma Court of Criminal Appeals (OCCA) determined that Plaintiff's Fourth Amendment rights were violated by the officers' unlawful entry into Plaintiff's home, that all evidence seized as a result of the entry should be suppressed, and that the convictions based on this evidence should be dismissed. Within two years after OCCA's ruling, Plaintiff filed this civil rights action.

Defendant Buchanan seeks summary judgment in his favor on grounds that (1) Plaintiff's action is time barred, (2) Defendant cannot be held liable in his official capacity as a member of the District Nine Drug Task Force or an officer of the Payne County Sheriff's Department, (3) Plaintiff lacks evidence that Defendant personally participated in the alleged illegal entry, and (4) Defendant is entitled to qualified immunity due to Plaintiff's lack of proof of a constitutional violation and Defendant's proof that his actions were objectively reasonable under the law and the circumstances. Plaintiff seeks summary judgment in his favor due to allegedly preclusive effect of OCCA's ruling

and the strength of evidence presented in the state criminal trial that allegedly establishes the constitutional violations found by OCCA. Judge Roberts has conducted a thorough and well-reasoned analysis of all issues. In the Report and Recommendation, she concludes that this action was timely filed, OCCA's decision is not determinative of Plaintiff's claim, and genuine disputes of material facts preclude summary judgment in favor of either party on Plaintiff's claim against Defendant in his individual capacity, but that Defendant is entitled to summary judgment on Plaintiff's claim against Defendant in his official capacity as either a District Nine Drug Task Force member or a Payne County deputy sheriff.

In his objection, as liberally construed by the Court, Plaintiff argues that Defendant has presented "sham" evidence in this case that is inconsistent with sworn testimony in the state criminal trial and that is insufficient to prevent summary judgment in Plaintiff's favor and an award of punitive damages. Plaintiff also urges the Court to take judicial notice of the trial evidence in his criminal case and to adopt OCCA's ruling. Upon careful review of these issues and of the record pertaining to them, the Court concurs in Judge Roberts' determination that OCCA's decision does not have preclusive effect and that summary judgment is inappropriate due to the existence of a genuine dispute of material facts. To the extent Plaintiff's filing (construed as an objection) seeks a judgment as a matter of law under Rule 50 in advance of trial, Plaintiff's motion is improper and is denied.

IT IS THEREFORE ORDERED that Plaintiff's motion or objection [Doc. No. 177] is overruled. The Report and Recommendation [Doc. No. 175] is adopted in its entirety. Defendant's motion for summary judgment [Doc. No. 145] is denied in part and granted in part; Plaintiff's motion for summary judgment [Doc. No. 126] is denied. Defendant Buchanan is entitled to

summary judgment only on Plaintiff's claim asserted against Defendant in his official capacity. Plaintiff's claim against Defendant Buchanan in his individual capacity asserted in Count I of the Complaint remains for trial.

    IT IS SO ORDERED this 28th day of March, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE