IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MILTON VERAN WILLIAMS,                )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )        Case No. CIV-05-777-D
                                      )
DISTRICT NINE DRUG TASK FORCE, *et al.*, )
                                      )
                    Defendants.       )

# O R D E R

Before the Court is Defendant Brooke Buchanan's Motion for Summary Judgment Based
on Newly Located Evidence [Doc. No. 207], which Plaintiff has timely opposed. Officer Buchanan,
the only remaining defendant, seeks a judgment as a matter of law under Fed. R. Civ. P. 56 on
Plaintiff's only remaining claim under 42 U.S.C. § 1983 alleging that Defendant violated Plaintiff's
Fourth Amendment rights by entering and searching Plaintiff's residence in Guthrie, Oklahoma,
without a warrant.[1] Defendant contends that Plaintiff's current allegations are inconsistent with his
previous testimony in state court during a preliminary hearing regarding drug charges related to the
search. Defendant presents a transcript of Plaintiff's testimony stating the Guthrie property was not
his residence and he had no access to it at the time of the search. In opposition to the Motion,
Plaintiff relies on his verified Complaint and an undated affidavit submitted with his response brief

---

[1] The previously assigned judge, Judge Robin Cauthron, entered orders that resulted in the
dismissal of all claims except Count I of the Complaint against Defendants Buchanan, Mark
Bruning, Dale Higgins, and Rex Brown. *See* Order 3/22/06 [Doc. No. 89]; Order 9/29/06 [Doc.
No. 116]. Stipulations were filed dismissing Defendants Bruning, Higgins, and Brown. *See*
Stipulation 10/9/06; Stipulation 10/13/06 [Doc. Nos. 118, 124]. The undersigned previously ruled
that Defendant Buchanan was entitled to summary judgment on the claim against him in his official
capacity as either a District Nine Drug Force Task member or a Payne County deputy sheriff. *See*
Order 3/28/08 [Doc. No. 183]. Thus only Plaintiff's claim asserted in Count I against Defendant
Buchanan in his individual capacity remains for trial.

stating, among other things, that his preliminary hearing testimony was mistaken and the result of confusion concerning the prosecutor's questions.[2]

The alleged Fourth Amendment violations occurred on January 12, 2001, at a residence located at 923 E. Vilas in Guthrie, Oklahoma.  The entry and search of the residence allegedly resulted in the seizure of and damage to Plaintiff's property.  The entry also produced information and evidence that was used by state law enforcement officers to obtain a search warrant and to convict Plaintiff of drug charges in state court.  In a direct appeal in the state criminal case, the Oklahoma Court of Criminal Appeals (OCCA) determined that Plaintiff's Fourth Amendment rights were violated by the officers' unlawful entry into Plaintiff's home, that all evidence seized as a result of the entry should be suppressed, and that the convictions based on this evidence should be dismissed.  Plaintiff's pending § 1983 claim seeks damages for the same alleged Fourth Amendment violations, and Plaintiff has previously asserted in this case that OCCA's ruling should be given preclusive effect or that he should be awarded a judgment based on the evidence presented in the state criminal trial.  The Court ruled on cross-motions for summary judgment, however, that OCCA's decision is not determinative of Plaintiff's claim and genuine disputes of material facts preclude summary judgment in favor of either party on the claim against Defendant in his individual capacity.  *See* Order 3/28/08 [Doc. 183] at 3.

Defendant Buchanan now seeks summary judgment in his favor on the ground that Plaintiff has previously testified under oath to facts that show Plaintiff lacks standing or a factual basis to

---

[2] A verified complaint contains a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information in the pleading is true and correct.  Such a pleading is treated as an affidavit when it states facts within the plaintiff's personal knowledge.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *see also Green v. Branson*, 108 F.3d 1296,  (10th Cir. 1997).

establish the alleged Fourth Amendment violations on which his § 1983 claim depends.[3]  Contrary

to his sworn statements in this case that the house at 923 E. Vilas was his residence on January 12,

2001, Plaintiff testified during a preliminary hearing on the drug charges as follows:  he was not a

resident of the house on that date and had not resided there since April, 2000; the house was a

"family estate house" owned by relatives who had leased it to a tenant; Plaintiff went to the house

on January 12, 2001 as a "maintenance person" to prepare the house for the new tenant and was

inside from early afternoon "until dark," or approximately 3:00 p.m. to 7:00 p.m., installing new

locks on the doors; he was not in the house after 7:00 p.m.; and he was not the person who spoke

with Defendant on the porch of the house later that night, nor the person who was seen retreating

into the house after an alleged drug buy and then exiting through a window.  In response to a

question about the correctness of Defendant's testimony that Plaintiff went back into the house,

Plaintiff testified:   "I've [sic] never went into that house, I didn't own it, I didn't have a key to the

house [for] one thing.  That's why [the tenant] wanted me to change the locks because he said he

has lost one of his keys to the house."  *See* Def.'s Mot. Summ. J., Ex. 1 [Doc. No. 207-2], Tr. 64:13-

16.

      In his verified Complaint, however, Plaintiff states that certain officers, including Defendant,

"on the evening of 01/12/01 at or about 7:30PM . . . kicked in Plaintiff's front door to Plaintiff [sic]

---

[3]  "The Supreme Court has repeatedly insisted that we not use the term 'standing' as shorthand for a defendant's capacity to challenge a search."  *United States v. Higgins*, 282 F.3d 1261, 1270 n.3 (10th Cir. 2002); *see Rakas v. Illinois*, 439 U.S. 128, 140 (1978) (holding that the question whether a defendant can show a violation of his own Fourth Amendment rights "is more properly placed within the purview of substantive Fourth Amendment law than within that of standing"); *Minnesota v. Carter*, 525 U.S. 83, 87 (1998) ("The Minnesota courts analyzed whether respondents had a legitimate expectation of privacy under the rubric of 'standing' doctrine, an analysis that this Court expressly rejected 20 years ago in *Rakas*.").  Thus, the Court will address Defendant's arguments solely as a challenge to Plaintiff's ability to prove a Fourth Amendment violation.

residence." *See* Compl. [Doc. 1] at 5 (typewritten, page 3).  In the affidavit submitted in response to the current Motion, Plaintiff further states:  he kept some of his property in and possessed a key to the house at 923 E. Vilas; he went to the house in the early morning hours of January 12, 2001, and "spent the night" there to begin preparing the house for a renter; he left the house that day for a trip to Langston and lost his key to the house while in Langston; he entered the house through a bathroom window when he returned; Defendant coerced Plaintiff "to go into plaintiff's residence and retrieve Buchanan a $100.00 [sic] of crack cocaine;" and he exited the house through the bathroom window "after completing the said coerce [sic] drug transaction on the front porch of plaintiff's Guthrie residence." *See* Pl.'s Supplement, Williams Aff.  [Doc. 218-2], ¶¶ 5-10, 11(e), 16-17.  In short, Plaintiff has given two versions of what transpired on January 12, 2001, and both cannot be true.  The question remains whether Plaintiff's prior hearing testimony prevents him from now proving a Fourth Amendment violation.

Defendant urges the Court to find that Plaintiff has presented "sham" evidence in this case that is inconsistent with his sworn testimony in state court and to enter a judgment on this basis. Ironically, Plaintiff has previously moved for judgment and for sanctions against Defendant on similar grounds, arguing that Defendant has given false interrogatory answers in this case that are inconsistent with his testimony during Plaintiff's state criminal trial.  *See* Pl.'s Mot. Rule 50(a)(2) [Doc. No. 177]; Pl.'s Mot. Sanctions [Doc. No. 179].  The existence of such credibility issues has previously led the Court to conclude that summary judgment is inappropriate.  Defendant now submits new evidence to support his version of events, but he presents no legal authority for the proposition that Plaintiff should be legally bound by his prior testimony.  Defendant instead argues that any affidavits given in this case, including the verified Complaint, should be disregarded as "sham" affidavits under case law regarding summary judgment procedure.  *See*, *e.g.*, *Burns v. Board*

*of County Comm'rs*, 330 F.3d 1275, 1282 (10th Cir. 2003); *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986).   The Court finds these cases to be inapposite under the circumstances presented, in which Defendant relies on testimony given in a different case in the context of other issues.

More importantly, the Court finds Plaintiff's prior testimony to be insufficient to resolve the Fourth Amendment issue presented.[4]  Defendant argues that Plaintiff's hearing testimony establishes he  did not own the house at 923 E. Vilas and did not reside there at the time of the search; Defendant also argues that the fact Plaintiff performed maintenance work on the house does not establish an expectation of privacy.  However, the law is clear that even a social guest in a house has a reasonable expectation of privacy that is protected by the Fourth Amendment.  *See United States v. Thomas*, 372 F.3d 1173, 1176 (10th Cir. 2004); *United States v. Rhiger*, 315 F.3d 1283, 1286-87 (10th Cir. 2003).  The court of appeals recently stated that "[a]n overnight or social guest, squarely protected by the Fourth Amendment, does not relinquish that protection by truthfully stating he does not own the home he is visiting."  *United States v. Poe*, 556 F.3d 1113, 1122 n.11 (10th Cir. 2009). To establish that his Fourth Amendment rights have been violated, Plaintiff need only "show that he had a subjective expectation of privacy in the premises searched and that 'society is prepared to recognize that expectation as reasonable.'" *See United States v. Higgins*, 282 F.3d 1261, 1270 (10th Cir. 2002) (quoting *United States v. Conway*, 73 F.3d 975, 979 (10th Cir. 1995)).  The testimony on which Defendant relies in this case to show that Plaintiff has disclaimed any interest in the property at the time of the search – were the Court to look exclusively at that testimony – does not establish that Plaintiff lacked a reasonable expectation of privacy in the residence at 923 E. Vilas at the time

---

[4] Defendant raises the issue three ways:  He contends Plaintiff lacks standing, cannot prove a § 1983 claim, and cannot overcome a qualified immunity defense.  However, Defendant presents essentially the same arguments to support all these contentions, that is, Plaintiff cannot prove a violation of his Fourth Amendment rights.

Defendant entered it.  Therefore, the Court cannot decide this issue as a matter of law, and summary judgment on this basis is inappropriate.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment Based on Newly Located Evidence [Doc. No. 207] is denied.

IT IS SO ORDERED this 20th day of May, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE