IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MILTON VERAN WILLIAMS,            )
                                  )
                     Plaintiff,   )
                                  )
v.                                )          Case No. CIV-05-777-D
                                  )
DISTRICT NINE DRUG TASK FORCE, *et al.*,  )
                                  )
                    Defendants.   )

# **O R D E R**

Before the Court is Defendant Brooke Buchanan's Motion for Partial Summary Judgment

[Doc. No. 200].[1] Defendant seeks a summary adjudication under Fed. R. Civ. P. 56 of certain issues

related to Plaintiff's remaining claim under 42 U.S.C. § 1983 that Defendant violated Plaintiff's

Fourth Amendment rights by entering and searching a residence in Guthrie, Oklahoma, without a

warrant.[2] Specifically, Defendant requests "summary judgment in his favor regarding any claim for

property damage to the residence which is the subject of this case and any claim regarding damage

to personal property which allegedly occurred when the residence was searched on January 12,

2001." *See* Motion at 1.  Plaintiff opposes the Motion as unsupported by law and contrary to the

facts stated in his verified Complaint, which may serve as an affidavit regarding statements of facts

within his personal knowledge.[3] Defendant has replied, and the Motion is at issue.

---

[1] For ease of discussion, the Court will refer to the movant simply as "Defendant" because all other
defendants either have been dismissed or have obtained a summary judgment ruling.

[2] By separate order, the Court has ruled that summary judgment is not appropriate on this claim. *See*
Order 5/20/09 [Doc. No. 219].

[3] *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *see also Green v. Branson*, 108 F.3d
1296, 1301 n.1 (10th Cir. 1997).

Defendant's Motion rests on two propositions.  For reasons that follow, the Court finds that neither impacts Plaintiff's pending § 1983 claim.

First, Defendant contends any Fourth Amendment claim for damage to property fails due to the availability of an adequate state post-deprivation remedy provided by the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq*.  The only legal authority cited in support of this contention is an unpublished opinion, *Harmon v. Williams*, 77 F. App'x 440 (10th Cir. 2003).  In *Harmon,  pro se* plaintiffs challenged a search of several properties and also claimed that "the seizure of property incident to the challenged search constituted a 'taking' without just compensation in violation of the Fourth, Fifth, and Fourteenth Amendments" and  "damage to doors of some of the residences and buildings searched constituted a violation of the Fourth, Fifth, and Fourteenth Amendments." *Id*. at 441.  In affirming a dismissal of the complaint for failure to state a claim upon which relief could be granted, the court of appeals stated, among other reasons, that "Plaintiffs' claims for damages caused by unauthorized conduct during the searches and for return of property seized fail because the state provides adequate state post-deprivation remedies." *Id*. at 441-42 (citing *Hudson v. Palmer*, 468 U.S. 517, 533, 536 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1984)).  However, this statement and its supporting legal authorities have no application to a § 1983 claim premised on a violation of the Fourth Amendment.

The propriety of an initial seizure of property is analyzed under the Fourth Amendment, while the continued detention of the seized property implicates the Due Process Clause of the Fifth or Fourteenth Amendment.  *See*, *e.g.*, *Winters v. Board of County Comm'rs*, 4 F.3d 848, 853-54, 855-57 (10th Cir. 1993) (separately analyzing claims arising from the seizure and the disposition of property); *see also Snider v. Lincoln County Bd. of County Comm'rs*, No. 07-6196, 2008 WL 2278840, *7 (10th Cir. June 5, 2008) (distinguishing a § 1983 claim based on a Fourth Amendment

violation in the seizure of property from a claim based on a Fourteenth Amendment violation in the retention of the property because "[f]ollowing a seizure there is an obligation 'to provide fair procedures to ensure return of the property when the State no longer has a lawful right to retain it'") (quoting *City of West Covina v. Perkins*, 525 U.S. 234, 240 (1999)).  The Supreme Court held in *Hudson*, 468 U.S. at 531-33, and *Parratt*, 451 U.S. at 541-44, the cases cited in *Harmon*, that the availability of an adequate post-deprivation remedy relieves the due process concerns arising from an unauthorized deprivation of property.   Defendant presents no authority, and the Court is aware of none, holding that a violation of  the <u>Fourth Amendment</u> can be cured by the provision of a post-deprivation remedy.  Accordingly, Defendant is not entitled to a determination that Plaintiff's claim for property damage based on an alleged Fourth Amendment violation fails as a matter of law due to the availability of a remedy under the Oklahoma Governmental Tort Claims Act.

Second, Defendant argues that Plaintiff lacks standing to assert a claim regarding alleged damage to the searched residence because he did not own it.  Defendant's argument rests on general principles of standing and a view that Plaintiff suffered no injury in fact if the residence was not his property.   The Court understands this argument to address Plaintiff's standing to challenge a "seizure" of the residence as opposed to the search, for which standing hinges on an individual's reasonable expectation of privacy.[4]  *See Williamson v. Bernalillo County Sheriff's Dep't*, No. 97-2038, 1997 WL 575812, *2 (10th Cir. Sept. 17, 1997) ("[T]he lack of a privacy interest sufficient to challenge a search does not undermine standing with respect to the seizure of property in which one has a possessory interest."); *see also Soldal v. Cook County*, 506 U.S. 56, 65 (1992) (Fourth Amendment protects against unreasonable seizures of property even where privacy and liberty

---

[4]  The issue of Plaintiff's standing to challenge the search was raised by Defendant in a separate motion for summary judgment, which was denied by Order of May 20, 2009 [Doc. No. 219].

interests are not implicated).  "A 'seizure' of property . . . occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Soldal*, 506 U.S. at 61 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).  Accordingly, regardless of whether Plaintiff owned the residence, he may have standing to challenge its seizure, if any, based on a possessory interest in the property.  Therefore, Defendant is not entitled to a determination that Plaintiff lacks standing to assert a Fourth Amendment claim regarding the residence.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Summary Judgment [Doc. No. 200] is denied.

IT IS SO ORDERED this 2nd day of June, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE